**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01573-RM-STV

TOMASZ SOBOLEWSKI, on behalf of himself and
all similarly situated persons,

      Plaintiff,

v.

BOSELLI & SONS, LLC, and
JAMES J. BOSELLI,

      Defendants.

---

**DEFENDANTS' OBJECTIONS TO RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE (#53)**

---

Defendants Boselli & Sons, LLC, and James Boselli ("Defendants") object, in part, to the recommendation of the United States Magistrate Judge (#53) on Plaintiff's Motion for Approval of the *Hoffman-LaRoche* Notice (Motion). In support, Defendants state as follows:

**I.   INTRODUCTION**

This is a wage and hour case in which Sobolewski asserted claims under the Fair Labor Standards Act (FLSA) and Colorado state law. Pursuant to Section 216 of the FLSA, Sobolewski seeks approval from the Court to send out notice and consent forms to thousands of Defendants' current and former employees at 12 McDonald's restaurants. The Magistrate Judge granted Sobolewski's Motion. Although Defendants do not agree with any part of the Order, for purposes of this Motion Defendants object to two recommendations in the Order. First, the Court recommends "that the Certification Notice be sent to all hourly employees that worked at all twelve

Colorado locations." (Order, p. 9.) However, because Sobolewski only worked at one of Defendants' twelve stores and has not asserted sufficient allegations that indicate employees at other locations were subject to the same allegedly unlawful policies, the Certification Notice should be limited to one store (Monument, Colorado). Second, the Court recommends "that the Certification Notice be sent via United States mail and e-mail." (Order, p. 10.) Notification by mail is the preferred and most accurate means of providing notice and Sobolewski should not be permitted to send out the Certification Notice via email.

## II. ARGUMENT

### a. The Notice should be limited to Defendants' Monument location.

In recommending that the Certification Notice be sent to hourly employees at all twelve of Defendants' McDonald's Restaurants, the Court focused on the fact that Mr. Boselli testified "that all of his stores utilized the same process for tracking breaks and the same time-clock software system." (Order, p. 9.) It also noted that Plaintiff's declaration alleges that he "worked at a total of four McDonald's restaurants operated by Defendants." (*Id.*) To be clear, Sobolewski's declaration does not specifically allege that he observed practices similar to those at the Monument location at any of the other three locations in which he alleges he worked. (#47-2 ¶ 2.) Sobolewski's allegations do not amount to "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan," such that employees of eight stores in which Sobolewski never worked (and 11 in which he did not work regularly) should receive the Certification Notice. *Thiessen*, *v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (internal quotation and citation omitted).

The fact that the stores used the same time-keeping system should have no bearing on whether all locations should be included for purposes of the Certification Notice. Sobolewski's allegations center around his assertions that Defendants' failed to compensate Sobolewski for meal breaks that were not a full 30 minutes in length and for missed rest breaks. (Order, p. 2.) Sobolewski characterizes Defendants' managers as the bad actors for allegedly "making sure lunch breaks did not exceed thirty minutes" and failing to provide ten-minute rest breaks. (*Id.*) These allegations relate only to management's alleged unlawful actions – not any error in the time-keeping system itself. Sobolewski did not provide *any* allegations that employees in at least eight stores were subject to unlawful practices.

The only allegation affected by Defendants' time keeping system is that the system counted paid rest breaks as unpaid time if the employee was clocked out for more than ten minutes. (*See* Order, p. 2.) Still, without more, the Court should not authorize the Certification Notice to be sent to thousands of Defendants' employees without any support that the error in the time-keeping system affected employees in all its stores. *See, e.g., Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 520 (D. Md. 2000) (limiting notice to one facility because individuals who submitted affidavits only had personal knowledge of alleged violations at one location).

    **b.** <u>The Certification Notion should not be sent out via email</u>.

The Court granted Sobolewski's request to send out the Certification Notice by email in addition to U.S. Mail because Defendants failed to identify particular harm caused by email notification and because there is "a greater likelihood that all putative class members will receive notice." (Order, pp. 9-10.) The Court should decline to approve this part of the Magistrate Judge's Order because (1) notification by mail will provide potential putative class members with most

3

accurate notice possible, (2) Defendants did not use email as a form of communication with their employees until recently and does not have email addresses for many of the individuals who would receive the Certification Notice, and (3) email is not necessary to notify potential opt-in plaintiffs about their right to opt in to this action.

First, sending the Certification Notice via email significantly increases the risk that Defendants' employees will receive inaccurate information about this lawsuit. In denying plaintiffs the opportunity to email a certification notice, in *Reab v. Electronic Arts*, this Court recognized that "electronic communication inherently has the potential to be copied and forwarded to other people via the internet with commentary that could distort the notice approved by the Court." 214 F.R.D. 623, 630-31 (D. Colo. 2002). Additionally, notice by email "heightens the risk that that the communication will be reproduced to large numbers of people who could compromise the integrity of the notice process . . . [and] email messages could be forwarded to nonclass members and posted to internet sites with great ease." *Id.* Notification by mail, rather than email, is the "the preferred method" of class notification and will help ensure that "the appropriately targeted audience receives the intended notification." *Id.*

Second, because Defendants did not collect email addresses from employees until recently, it is unlikely that they will be able to provide email addresses to Sobolewski for many of the potential opt-in plaintiffs. In prior cases, courts have declined to allow notice by email where the employer did "not collect employees' personal email addresses." *See, e.g., Greenstein v. Meredith Corp.*, 948 F. Supp. 2d 1266, 1271 (D. Kan. 2013). As a practical matter, if the Court allows Sobolewski to send the Certification Notice by email, that means that some employees will receive it electronically and via mail and some may only receive it by mail. That disparity has the potential

4

to "confuse or mislead potential class members." *See Clayton v. Velociti, Inc.*, 2009 WL 304190, at *3 (D. Kan. Feb. 9, 2009) (agreeing with the employer's objection to notice by email because "such a requirement would be impracticable, burdensome, and may confuse or mislead potential class members."). Finally, notice by email is simply not "necessary for plaintiff to contact the persons who need to receive the notice." *Greenstein*, 948 F. Supp. 2d at 1271. Therefore, the Certification Notice should not be distributed to potential opt-in plaintiffs by email.

### III. CONCLUSION

Defendants request that the Court decline to accept two recommendations in the Magistrate Judge's Order. First, the Certification Notice should be limited to employees at Defendants' Monument, Colorado store. Second, Sobolewski should not be authorized to send the Certification Notice via email.

Dated this 24th day of July, 2017.

Respectfully submitted,

FISHER & PHILLIPS LLP

By: s/ *Kaitlin Fox Hinkle*
Bruce Anderson
Kaitlin Fox Hinkle
1801 California Street, Suite 2700
Denver, CO 80202
Telephone:  (303) 218-3650
Facsimile:  (303) 218-3651
tfredrickson@fisherphillips.com
kfoxhinkle@fisherphillips.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 24th day of July, 2017, a true and correct copy of the foregoing **DEFENDANTS' OBJECTIONS TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE (#53)** was served via ECF on the following:

Brian D. Gonzales
The Law Offices of Brian D. Gonzales, PLLC
242 Linden Street
Fort Collins, CO 80524
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

*s/ Kendra Gripp*
Kendra Gripp