**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 16-cv-01573-RM-STV

THOMASZ SOBOLEWSKI, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

BOSELLI & SONS, LLC, a Colorado limited liability company, and
JAMES J. BOSELLI,

    Defendants.

---

**ORDER**

---

Defendants are the alleged owners of 12 McDonald's restaurants in Colorado. Plaintiff worked at four of such 12 locations. Plaintiff's class and collective action complaint alleges Defendants' employees were not paid properly for breaks. As such, as relevant to this Order, Plaintiff sues for unpaid wages on his own behalf and on behalf of other employees "similarly situated." This matter is now before the Court on the July 11, 2017, Recommendation of United States Magistrate Judge (the "Recommendation") (ECF No. 53) to grant Plaintiff's Motion for Approval of *Hoffman-Laroche* Notice (the "Motion") (ECF No. 33), thereby allowing notice of this lawsuit to be provided to Defendants' former and current hourly employees. Defendants have filed an objection (the "Objection") (ECF No. 54) to two of the recommendations. Plaintiff filed a Response (ECF No. 55), to which Defendants filed a Reply[1] (ECF No. 56). Upon consideration of the Recommendation, Objection, Response, Reply, relevant portions of the

---

[1] Rule 72, Fed. R. Civ. P., does not provide for a reply and leave to file one was not requested. Nonetheless, as Plaintiff raised an issue for the first time in his Response (notice via text message), the Court will allow the Reply in this instance.

court file, and the applicable rules and case law, and being otherwise fully advised, the Objection is **OVERRULED**.

## I.     LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires the district court judge to "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to."  In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  An objection is proper if it is filed within fourteen days of the magistrate judge's recommendations and specific enough to enable the "'district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  The district judge need not, however, consider arguments not raised before the magistrate judge.  *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## II.     BACKGROUND

As no party objected to the Recommendation's recitation of the factual allegations, and finding no clear error, they are accepted and incorporated by reference.  What has been objected to are two of the Magistrate Judge's seven recommendations.  Those seven recommendations are as follows:

(1) that the Motion be granted to the extent it seeks conditional certification of an FLSA class consisting of "All current and former hourly employees who worked for [Defendants] in Colorado at any time from June 21, 2013 to present."  (Rec. at page 3, brackets in original.);

(2) that the proposed Certification Notice be sent to all hourly employees, not just crew members and crew trainers;

(3) that the Certification Notice be sent to all hourly employees that worked at all 12 Colorado locations;

(4) that the Certification Notice be sent by U.S. mail and email;

(5) that the opt-in period be limited to thirty days;

(6) that the parties be ordered to meet and confer to attempt to draft a mutually-agreed upon Certification Notice and Consent to Join form, as set forth in the Recommendation; and

(7) that the Certification Notice include the following description of the claims:

> A former crew member for Boselli McDonald's has sued alleging that: (1) employees' meal breaks were shorter than 30 minutes in duration, and (2) employees did not receive all of their rest breaks or were not compensated for their rest breaks. The Court has allowed the lawsuit to be a collective action on behalf of other current and former hourly employees of Boselli McDonald's.

The two recommendations to which Defendants object are paragraphs (3) and (4), above.

### III. ANALYSIS

#### A. Recommendations to Which There are no Objections

No party objects to recommendations (1), (2), (5), (6), and (7). Finding no clear error, the Court accepts these recommendations.

#### B. Recommendations to Which There are Objections

##### 1. One Location or 12 Locations?

Defendants argue the Certification Notice should be provided to hourly employees only at Defendants' Monument, Colorado location. Defendants raise essentially two arguments, neither of which the Court finds persuasive.

First, Defendants appear to argue Plaintiff "only worked at one of Defendants' twelve stores" and his allegations are insufficient to indicate that employees at the other 11 locations were subject to the same allegedly unlawful policies. (ECF No. 54, page 2.) Defendants' contention that Plaintiff only worked at one location (the Monument store) is not well taken; Plaintiff's Declaration specifically states he "mostly worked at the McDonald's in Monument, Colorado but also worked at three other Boselli McDonald's." (ECF No. 33-2, ¶2.)[2] Similarly, Plaintiff's Declaration specifically states the matters of which he complains occurred "[d]uring the time [he] worked at McDonald's" (ECF No. 33-2, ¶3), which is sufficient to include the other three McDonald's locations where he was employed. As for the other eight locations, as Plaintiff asserts, he is relying on not only his Declaration but also Mr. Boselli's sworn Fed. R. Civ. P. 30(b)(6) testimony that hourly employees at all 12 locations are (or were) subject to the same break policy and same computerized time-keeping system. This leads to Defendants' second argument that their time-keeping system is irrelevant.

---

[2] Defendants appear to recognize this in other parts of their filings.

In this argument, Defendants assert the fact that the stores used the same time-keeping system has no bearing on whether all locations should be included for purposes of the Certification Notice because Plaintiff's allegations relate to management's alleged unlawful actions, not to an error in the time-keeping system itself. But, as Plaintiff contends, his allegations are not so limited. Instead, one of the violations alleged occurred at all 12 locations until the QsrSoft System time-keeping problem was fixed, *i.e.,* if an employee clocked out for ten minutes they were paid but if they clocked out between 10 minutes and 30 minutes they were not paid. These allegations are not of "rogue" management decisions limited to some stores, but, rather, are of the same time-keeping system and policies applicable to all 12 stores. As such, it (combined with the record as a whole) is sufficient under *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) ("[A] court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.") (quotation marks and alterations omitted). Accordingly, Defendants' objection is overruled.[3]

### 2. U.S. Mail and email?

Defendants contend that United States mail is the preferred and most accurate means of providing notice; they do not have email addresses for many of the individuals who would receive the Certification Notice; and email notification is not necessary. Plaintiff responds the goal is for the notice to reach as many potential plaintiffs as possible, and low-wage "fast food" workers tend to be a transient population; therefore, the Magistrate Judge was correct in recommending email notice be authorized. The Court agrees.

---

[3] The Court will not consider Defendants' "fishing expedition" argument made in its Reply as it was not raised in their Objection.

First, while United States mail may be the "preferred method" of providing notice, it is not the only method. Nor, depending on the facts and circumstances, should notice be limited to such a method, and nothing further. Defendants rely on *Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623 (D. Colo. 2002), in raising concerns about potential problems with email notification. This Court has considered such concerns, but, respectfully, in this technology-driven age, disagrees with *Reab*. For example, the court in *Reab* found that email inherently has the potential to be copied and forwarded to other people via the internet with commentary that would distort the court approved notice. The Court finds that while it may certainly be easier to do so via email, the same can nonetheless be said of notices sent by first class mail. Such mailed notices can easily be scanned, copied, or photographed (via smartphone) and easily forwarded by any number of means – including email. This is also true with concerns that notices via email could be forwarded to nonclass members and easily posted on internet sites. The bottom line is this: once a notice is sent – regardless of the method by which it is sent – it is out of the hands of the sender and the recipient is free to do with it as he or she wishes. In this case, as one court stated, there is "not a valid reason why the parties should not agree to e-mail notice in the year 2017." *Burns v. Chesapeake Energy, Inc.*, No. SA-15-CV-1016-RP, 2017 WL 1842937, at *9 (W.D. Tex. Mar. 14, 2017).[4] In the context of this case, the Court finds email notice should also be given.

Defendants' argument that they will not be able to provide email addresses for many of the potential opt-in plaintiffs does not require a contrary result. The goal is to reach as many potential opt-in plaintiffs as possible. *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp.

---

[4] The Court recognizes that in *Fager v. CenturyLink Communic'ns, LLC*, 854 F.3d 1167, 1173-4 (10th Cir. 2016), in the context of notice under Rule 23, the Tenth Circuit found that, under the facts of that case involving real property owners, first-class mail with a mailing envelope marked that it was a "**COURT-ORDERED LEGAL NOTICE**" and which also stated in red typeface that it is an "IMPORTANT NOTICE ABOUT YOUR PROPERTY" was sufficient. That case is distinguishable for various reasons, including the fact that, here, the potential opt-in plaintiffs are low-wage employees.

2d 340, 356 (E.D.N.Y. 2012) ("'The Court understands its discretion to be guided by the goals of the notice: to make as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants.'") (quoting *Enriquez v. Cherry Hill Market Corp.*, No. 10–CV–5616, 2012 WL 440691, at *2 (E.D.N.Y. Feb. 10, 2012)).  That Defendants do not have all email addresses does not diminish the fact that the use of email as an additional method for notification will further that goal.  And, as for Plaintiff's contention that, in light of Defendants' limited number of email addresses, notice through text message should also be used, the Court leaves that issue for another day.  As Defendants rightly replied, Plaintiff waived this argument as he failed to raise it before the Magistrate Judge.

Finally, with a one-sentence sweep, Defendants assert notice by email is not necessary. Defendants provide no analysis or discussion.  Defendants do cite to *Greenstein v. Meredith Corp.*, 948 F. Supp. 2d 1266, 1271 (D. Kan. 2013), but it is unclear the Kansas Court was referring to email and not social security numbers.  Moreover, Meredith Corporation did not collect employees' personal email addresses, whereas, here, Defendants do have email addresses. Finally, even if the Kansas Court was referring to email addresses, it did not foreclose the possibility of its use, as it stated plaintiff (a news producer) could raise the issue again.  Here, the issue is ripe and need not be raised again.  And, in light of the employees at issue, the Court agrees with the Magistrate Judge that email notice provides a greater likelihood that all potential opt-in plaintiffs will receive notice.  Accordingly, Defendants' objection is overruled.

## IV.    CONCLUSION

Based on the foregoing, the Court:

(1) **OVERRULES** Defendants' Objections to Recommendation of United States Magistrate Judge (#53) (ECF No. 54);

(2) **ACCEPTS** the Recommendation of United States Magistrate Judge (ECF No. 53);

(3) **GRANTS** Plaintiff's Motion for Approval of *Hoffman-Laroche* Notice (ECF No. 33) to the extent it seeks conditional certification;

(4) **ORDERS** the parties to meet and confer to attempt to draft a mutually-agreed upon Certification Notice and Consent to Join form, which shall include the language set forth in paragraph (7)[5] of Section II. above; and

(5) **ORDERS** that, on or before October 30, 2017, the parties shall either file their mutually-agreed upon Certification Notice and Consent to Join form with the court for approval or file a motion advising of any disagreement between the parties which require resolution by the court.

DATED this 16th day of October, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[5] "A former crew member for Boselli McDonald's has sued alleging that: (1) employees' meal breaks were shorter than 30 minutes in duration, and (2) employees did not receive all of their rest breaks or were not compensated for their rest breaks. The Court has allowed the lawsuit to be a collective action on behalf of other current and former hourly employees of Boselli McDonald's."