**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 16-cv-01573-RM-STV

THOMASZ SOBOLEWSKI, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

BOSELLI & SONS, LLC, a Colorado limited liability company,
BOSELLI INVESTMENTS LLC, a Colorado limited liability company,
JAMES J. BOSELLI,
DON A. BOSELLI,
FRANCIS A. BOSELLI, and
STEPHEN M. BOSELLI,

    Defendants.

---

## MEMORANDUM OPINION AND ORDER
---

Plaintiff Thomasz Sobolewski is a former employee who worked at Defendants' McDonald's restaurants in Colorado. Plaintiff seeks, on behalf of himself and as class representative, damages against Defendants for alleged meal and rest period violations. Defendants have filed two motions for partial summary judgment seeking resolution of four issues: (1) whether Colorado's Minimum Wage Order grants Plaintiff a private right of action for violations of its meal period and rest period requirements; (2) whether, based on the undisputed facts, Plaintiff's claim for violation of the Wage Order's meal period requirements fail as a matter of law; (3) whether Plaintiff's breach of contract claim must be dismissed for lack of consideration; and (4) whether the statute of limitations provision contained in the Wage Order applies to Plaintiff's claims for meal period and rest period violations. (ECF Nos. 39 and 83.)

For the reasons stated below, the Court denies in part and grants in part Defendants' first motion for partial summary judgment. (ECF No. 39.) Defendants' second motion for partial summary judgment is denied. (ECF No. 83.)

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The following are the undisputed and material facts taken from the parties' statements of undisputed facts and accompanying exhibits.

Defendants are the owners and operators of twelve McDonald's restaurants in Colorado.[1] (ECF No. 49-1, Defs.' Sep. Statement of Undisputed Mat. Facts ("Defs.' SUMF"), Defs.' SUMF ¶ 1.) Plaintiff worked at least one of the locations. (*Id.*) Plaintiff's *Class and Collective Action Complaint* alleges that Defendants' violated federal law and Colorado law by: "1) failing to ensure that employees received meal and rest breaks during their shifts; and 2) deducting time from employee pay for breaks that never were taken." (ECF No. 1 at ¶ 1.) Plaintiff asserts the following four causes of action: (1) violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); (2) violation of the Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101, *et seq.* ("CWCA"); (3) violation of the Colorado Minimum Wage Act, Colo. Rev. Stat. § 8-6-101, *et seq.* ("CMWA"), as implemented by the Colorado Minimum Wage Order ("Wage Order"); and (4) breach of contract. (*See id.*) Two motions for partial summary judgment are before the Court.

*Defendants' [First] Motion for Partial Summary Judgment* (the "First Motion") seeks dismissal of Plaintiff's third claim under the Wage Order for meal period and rest period violations. (ECF No. 39 at 2.) The underlying facts supporting Plaintiff's third claim are almost

---

[1] Plaintiff alleges that each defendant was materially involved in the operation of the McDonald's restaurants and, therefore, a jointly and severally liable "employer" of the Plaintiff for the alleged wage and hour violations. (ECF No. 1 at ¶ 6.) Neither of Defendants' motions challenges the existence of an employer-employee relationship as to any of the named defendants. Thus, the Court collectively refers to "the Defendants" as though each was an employer of Plaintiff.

2

entirely undisputed. Defendants had a policy that required its employees to clock in and out of a computer system for 10-minute rest periods and 30-minute meal periods. (ECF No. 49-1, Defs.' SUMF ¶¶ 2-4.) Employees were required to punch in when they arrived for their shift, punch out for their 30-minute unpaid meal periods, and then punch back in to the system when they returned from their 30-minute meal period. (*Id.*, Defs.' SUMF ¶ 5.) The employees are paid based on the time punches recorded by Defendants' computer system. (*Id.*, Defs.' SUMF ¶ 6.) The heart of Plaintiff's meal period claim is that Defendants' management was very strict about making sure that employees clocked back into the system no later than 30 minutes after their lunch break started. (*Id.*, Defs.' SUMF ¶ 8.) As a result, employees "often went to the timeclock to clock back in a few minutes before 30 minutes had passed to make sure [they] clocked in no late[r] than the 30 minute deadline." (*Id.*, Defs.' SUMF ¶ 9.) Stated differently: "Many employees just waited around the timeclock until exactly 30 minutes had passed so they could clock in exactly on time." (*Id.*, Defs.' SUMF ¶ 10.) Defendants' First Motion argues that the Wage Order does not provide a private cause of action for Plaintiff's alleged meal period and rest period violations. (*See* ECF No. 39.) And, even if Plaintiff may maintain a private right of action, no meal period violation has occurred under these undisputed facts. (*Id.*)

*Defendants' Second Motion for Partial Summary Judgment* (the "Second Motion") does not rely on any additional facts. (ECF No. 83.) Instead, the Second Motion seeks resolution of two legal questions: (1) whether Plaintiff has stated a valid breach of contract claim; and (2) assuming that Plaintiff can maintain a private action under the Wage Order, whether the statute of limitations provided in Section 15 the Wage Order applies to such a claim. (*Id.* at 1-2.) Plaintiff opposes the relief sought in both motions.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569–70 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. United States Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987). Once the moving party meets its initial burden of demonstrating an absence of a genuine dispute of material fact, the burden then shifts to the nonmoving party to demonstrate the existence of a genuine dispute of material fact to be resolved at trial. *See 1-800-Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1242 (10th Cir. 2013) (citation omitted).

The Court will consider statements of fact, or rebuttals thereto, which are material and supported by competent evidence. Fed. R. Civ. P. 56(c)(1)(A), 56(e)(2), 56(e)(3). Summary judgment evidence need not be submitted in a form that would be admissible at trial, but the content or substance of the evidence must be admissible. *Johnson v. Weld Cty.*, 594 F.3d 1202, 1210 (10th Cir. 2010). Affidavits must be based on personal knowledge and must set forth facts that would be admissible at trial. *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (quotations and citation omitted). "Conclusory and self-serving affidavits are not sufficient." *Id*. "[O]n a motion for summary judgment, it is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without depending on the trial court to conduct its own search of the record." *Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th

Cir. 2004) (quotations and citation omitted). The Court is "not obligated to comb the record in order to make [a party's arguments]." *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1199 (10th Cir. 2000). The Court now addresses the motions.

## III.   ANALYSIS

### A.   Private Right of Action Under the Colorado Minimum Wage Order

Plaintiff alleges violations of the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*, and the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et. seq.* These two acts are implemented by Colorado Minimum Wage Orders. *See, e.g.*, Colo. Minimum Wage Order No. 34, 7 Colo. Code Regs. § 1103-1 (effective January 1, 2018 through December 31, 2018). The Colorado Department of Labor and Employment is authorized to promulgate a new Wage Order each year. C.R.S. Title 8, Articles 1, 4, 6, and 12; *see also* Colo. Const. art. XVIII, § 15. Each Wage Order supersedes the previous year's order, establishes a minimum wage, and "regulates wages, hours, working conditions and procedures for certain employers and employees for work performed within the boundaries of the state of Colorado." Colo. Code Regs. § 1103-1:1. "Section 1103-1:18. Recovery of Wages" states that "[a]n employee receiving less than the legal minimum wage applicable to such employee is entitled to recover in a civil action the unpaid balance of the full amount of such minimum wage, together with reasonable attorney fees and court costs[.]" Colo. Code Regs. § 1103-1:18.

Defendants first contend that "the only circumstance in which a person may assert a private cause of action under the Wage Order is where the 'employee is receiving less than the legal minimum wage.'" (ECF No. 39 at 6.) As Defendants read the regulation, this means that Plaintiff does not have a private right of action for violations of the meal and rest break

5

provisions contained in Sections 7 and 8[2] of the Wage Order. (*Id.* at 8.) Plaintiff responds that the meal and rest period violations resulted in him not being paid the minimum wage for all of the hours he worked. (ECF No. 45 at 6.) In other words, Plaintiff's claims fall within the plain language of Section 18's authorization of a private civil action for failure to pay the "legal minimum wage." (*Id.* at 6-8.)

Interpretation and application of Colorado's Wage Order is governed by Colorado law. *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1160 (10th Cir. 2016) (citations omitted). And because the term "legal minimum wage" is not defined, the Court must "look to the plain meaning of the language used, considered within the context of the statute as a whole." *Id.* "If a statute's plain meaning and context still leave it capable of being understood by reasonably well-informed persons in two or more different senses, then—and only then—do we look beyond that language for other evidence of legislative intent and purpose, such as legislative history or other rules of statutory construction." *Id.* (quotations and citations omitted). When reading the plain language of the Wage Order, the Court does not find the terms ambiguous when considered within the context of the Wage Order as a whole.[3]

To start with, the full text of the private right of action provision states as follows:

---

[2] For ease of reading, the Court refers to the Wage Order's regulations only by the subsection number. For example, Section 1103-1:8 is simply referred to as "Section 8."

[3] Defendants also argue the Wage Order does not create an "implied private right of action" for violations of the meal and rest period provisions. (ECF No. 39 at 6-8.) Here, Section 18 of the Wage Order expressly creates a private right of action—the issue is whether Plaintiff's claims are within the scope of that express private right of action. Notwithstanding, the Court notes that this case is distinguishable from *Silverstein v. Sisters of Charity of Leavenworth Health Servs. Corp.*, 559 P.2d 716, 718 (Colo. App. 1976). *Silverstein* involved a statute that imposed only a criminal sanction; accordingly, the *Silverstein* court would not impose civil liability where the legislature declined to do so. *Id.* at 718. Similarly, the applicable factors favor the finding of an implied private cause of action: (1) Plaintiff and the proposed class are within the class of persons intended to be benefited by the Wage Order; (2) the General Assembly intended to create a private right of action for all instances where an employee is receiving less than the legal minimum wage; and (3) an implied right of action is consistent with the purpose of the statute. *Colorado Ins. Guar. Ass'n v. Menor*, 166 P.3d 205, 210 (Colo. App. 2007) ("When a statute does not expressly provide for a private civil remedy, a court must consider three factors in determining whether a particular plaintiff has available a private cause of action: whether the plaintiff is within a class of persons intended to be benefited by the legislative enactment; whether the legislature intended to create, albeit implicitly, a private right of action; and whether an implied civil remedy would be consistent with the purposes of the legislative scheme.").

> An employee receiving less than the legal minimum wage applicable to such employee is entitled to recover in a civil action the unpaid balance of the full amount of such minimum wage, together with reasonable attorney fees and court costs, notwithstanding any agreement to work for a lesser wage, pursuant to C.R.S. § 8-6-118 (2017). Alternatively, an employee may elect to pursue a minimum wage complaint through the division's administrative procedure as described in the Colorado Wage Act, C.R.S. § 8-4-101, et seq. (2017).

7 Colo. Code Regs. § 1103-1:18. Section 3 mandates that employees "shall be paid not less than [the specified minimum wage] for all hours worked." 7 Colo. Code Regs. § 1103-1:3. Section 7 governing meal periods states:

> Employees shall be entitled to an uninterrupted and 'duty free' meal period of at least a thirty minute duration when the scheduled work shift exceeds five consecutive hours of work. The employees must be completely relieved of all duties and permitted to pursue personal activities to qualify as a non-work, uncompensated period of time. When the nature of the business activity or other circumstances exist that makes an uninterrupted meal period impractical, the employee shall be permitted to consume an 'on-duty' meal while performing duties. Employees shall be permitted to fully consume a meal of choice 'on the job' and be fully compensated for the 'on-duty' meal period without any loss of time or compensation.

7 Colo. Code Regs. § 1103-1:7. Section 8 governing rest periods states: "A compensated ten (10) minute rest period for each four (4) hours or major fractions thereof shall be permitted for all employees. Such rest periods shall not be deducted from the employee's wages." 7 Colo. Code Regs. § 1103-1:8.

First, Plaintiff's claims fall within the plain language of the Wage Order. He claims that he was not paid for meal breaks and rest breaks, but should have been. Had his hours been properly calculated, he would have been entitled to receive minimum wage for the time worked. Stated differently, Plaintiff claims that he is an employee "receiving less than the legal minimum wage applicable to such employee." 7 Colo. Code Regs. § 1103-1:18. And Plaintiff has filed this "civil action [for] the unpaid balance of the full amount of such minimum wage[.]" Therefore, Plaintiff may maintain a private right of action for the unpaid balance of any

7

minimum wage amounts owed to him by reason of Defendants' alleged meal and rest break violations.

Second, Defendants read Section 18 to mean that a private right of action is limited to a scenario where the employer is paying an employee an hourly rate that is less than $10.20 per hour (the minimum wage as of January 1, 2018). In other words, Defendants rewrite the statute to read as follows: "An employee [being paid an hourly rate that is] less than [$10.20 per hour] is entitled to recover in a civil action. . . ." But that is not what the text of the statute says. The text provides for a civil action in any circumstance where an employee is "receiving less than the legal minimum wage applicable to such employee," which encompasses more than Defendants' narrow reading. By way of example, an employer could pay an hourly employee $12.00 per hour (an hourly rate above the required minimum), but not pay that employee for meal and rest breaks that are required to be compensated under the Wage Order. In such a case, the hypothetical employee is ultimately receiving less than the legal minimum wage applicable to such employee for all hours worked, even though his hourly rate of compensation is more than the minimum set forth by the Wage Order. Such a narrow reading of the Wage Order is not supported, nor is it consistent with its purpose.

Third, nothing in Section 18 defines legal minimum wage. One must look to other provisions within the Wage Order to give meaning to when an employee is receiving less than the legal minimum wage applicable to such employee. Section 3 states that employees "shall be paid not less than $10.20 *for all hours worked*." 7 Colo. Code Regs. § 1103-1:3 (emphasis added). The meal and rest period provisions elaborate on what time must be compensated and included in "hours worked." *See* 7 Colo. Code Regs. § 1103-1:7 ("The employees must be completely relieved of all duties and permitted to pursue personal activities to qualify as a non-

work, uncompensated period of time."); 7 Colo. Code Regs. § 1103-1:8 ("A compensated ten (10) minute rest period for each four (4) hours or major fractions thereof shall be permitted for all employees. Such rest periods shall not be deducted from the employee's wages."). Those provisions explain when an employee must be compensated for breaks and what is required of a meal period for it to be an uncompensated period of time. If the Court were to read the statute as Defendants suggest, it would mean that a plaintiff could bring a private civil action under Section 18 to enforce Section 3, but not Sections 7 or 8—even though Section 3, 7, and 8 are related. The Wage Order does not say as much and Defendants offer no explanation for such a disparate result.

Finally, Defendants offer no caselaw where a court has ascribed to the proposed interpretation of Section 18. In fact, decisions on this issue undermine Defendants position. *Sanchez v. Front Range Transportation*, 17-cv-00579-RBJ, 2017 WL 4099896, at *4 (D. Colo. Sep. 15, 2017) (rejecting suggestion that the Wage Order does not provide a private right of action for rest period violations, concluding "Colo. Code Regs. § 1103-1:18, authorizes a civil action to recover the unpaid balance of the minimum wage owed. It does not state or imply that a civil action may not be brought under other sections of the regulations."); *see also Lozoya v. AllPhase Landscape Construction, Inc.*, No. 12-cv-1048-JLK, 2015 WL 175080, at *2 (D. Colo. April 15, 2015) (implicitly finding a private right of action for alleged rest period violations). Accordingly, the Court finds that an employee-plaintiff may bring a private civil action for violations of the Wage Order's meal and rest period regulations. Having found that a private civil action may be asserted, it must now be decided whether such a violation has been established.

### B. Meal Period Violation

Defendants contend that Plaintiff's meal period claims fail as a matter of law. (ECF No. 39 at 8-11.) Plaintiff claims that Defendants violated the Wage Order's requirement that meal periods be at least 30-uninterrupted-minutes or such a meal period is treated as "on-duty" and must be paid. (ECF No. 45 at 4.) Because of Defendants' strict policy of not allowing any more than 30 minutes for a meal period, Plaintiff, and others, would often end their meal periods early and wait by the time clock to ensure they did not clock back in late. (*Id.*) Defendants advance three arguments for dismissal of Plaintiff's meal period claims: (1) employees were entitled to a 30-minute meal break and an employee's decision to clock back in a few minutes early to comply with the policy does not violate the Wage Order; (2) under the "predominant benefit test," Plaintiff was not engaged in work activities so the meal periods were bona fide; and (3) employees were paid for all time that was entered into the computer system—even under those circumstances where an employee chose to clock in from lunch a few minutes before his or her 30-minute meal period expired.

The Court will again start with the text of the Wage Order. Section 7 governing meal periods states:

> Employees shall be entitled to an uninterrupted and 'duty free' meal period of at least a thirty minute duration when the scheduled work shift exceeds five consecutive hours of work. The employees must be completely relieved of all duties and permitted to pursue personal activities to qualify as a non-work, uncompensated period of time.

7 Colo. Code Regs. § 1103-1:7. Here, the undisputed facts are that employees were required to punch out from their 30-minute unpaid meal periods and punch back in when they returned from their meal periods. (ECF No. 49-1, Defs.' SUMF ¶ 5.) Management was very strict about making sure that workers clocked in no later than 30 minutes after their lunch started. (*Id.*,

Defs.' SUMF ¶ 8.) Employees would either return to the timeclock to punch in early or wait around the timeclock until exactly 30 minutes had passed so they could clock back in exactly on time and not violate Defendants' policy. (*Id.*, Defs.' SUMF ¶¶ 9-10.)[4] Based on these facts, Defendants have not violated the Wage Order.

First, an employee must be completely relieved of all duties for a meal period to qualify as an uncompensated period of time. 7 Colo. Code Regs. § 1103-1:7. In deciding whether a meal break is "bona fide" and, therefore, can be treated as uncompensated time, Defendants urge application of the predominant benefit test articulated in *Castaneda v. JBS USA, LLC*, 819 F.3d 1237, 1253 (10th Cir. 2016) (deciding what constitutes a bona fide meal period under the FLSA). Plaintiff proposes application of the completely-relieved-from-duty test suggested in *Brennan v. Elmer's Disposal Serv., Inc.*, 510 F.2d 84, 88 (9th Cir. 1975). Here, the Wage Order provides the applicable standard ("completely relieved of all duties"); Defendants have complied with that standard; and Plaintiff offers no evidence to suggest otherwise. The crux of Plaintiff's meal period claim is that Defendants' strict policy resulted in lost meal period time because Plaintiff could not clock in late because "[e]ven being a couple of minutes late could result in a reprimand from a manager." (ECF No. 39-2, Sobolewski Decl. ¶ 3.) The Court finds nothing illegal about reprimanding an employee for returning from lunch a couple of minutes late. Moreover, there is no allegation, argument, or evidence to suggest, let alone conclude, that Plaintiff was required to perform any work-related duties on his meal break. Thus, Plaintiff was completely relieved of all duties and Defendants were permitted to treat meal periods as an uncompensated period of time.

---

[4] Plaintiff includes two additional facts in response to Defendants' First Motion. (*See* ECF 45-1, ¶¶ 11, 12.) Plaintiff cites to Paragraph 3 of his declaration in support of the additional facts. But Paragraph 3 does not provide evidentiary support for either additional fact. Therefore, Plaintiff has failed to provide competent evidence in response to Defendants' First Motion or create a material factual dispute.

Next, the real question becomes whether strict enforcement of a meal policy violates Section 7. In essence, Plaintiff claims that the strict policy of requiring employees to clock back in from lunch on time, and no later, resulted in a "net meal period" of less than 30 minutes. The Court again starts with the text of the Wage Order, which entitles employees "to an uninterrupted and 'duty free' meal period of **at least** a thirty minute duration[.]" 7 Colo. Code Regs. § 1103-1:7 (emphasis added). Section 7 undoubtedly entitles employees to a meal period of at least 30 minutes. But the regulation does not provide additional time to walk, drive, or travel to and from the location an employee chooses for his or her meal break; nor does the regulation allow additional time for the employee to clock in and out for lunch. The Court will not read such a requirement into the regulations. Some portion of a 30-minute meal period will necessarily include time to log out of and back into a time-keeping system, prepare, eat, or purchase a meal, and return to the employee's work station. Although the Court understands the time pressure this places on hourly employees, it is what Colorado law requires—even if the result is a "net meal period" of slightly less than 30 minutes. To be clear, there are no facts before the Court to suggest that Defendants are exerting control over an employee during a meal period or requiring the employees to wait by the time clock. And there is no evidence that Plaintiff, or other employees, were not allowed at least 30 minutes—even if the policy was 30 minutes and no more—for their meal period.

Similarly, an employee's decision to clock in early or wait by the time clock to comply with Defendants' meal break policy cannot be considered a violation of the Wage Order. Based on the facts before the Court in this case, an employee cannot trigger a violation of the Wage Order by deciding to clock in early from lunch. Whether Defendants' policy is to be considered strict, very strict, or extremely strict, the method in which an employee chooses to comply with

12

the policy does not create a violation of the Wage Order. This is not a case where the employer is accused of coercing or ridiculing its employees for taking a meal break. Defendants merely have a meal policy, that policy is enforced, and employees are reprimanded for failing to comply with the policy. Such facts do not amount to a violation of the Wage Order. Therefore, summary judgment is granted in favor of Defendants with respect to Plaintiff's alleged meal break violations.

### C. Breach of Contract Claim

Next, Defendants argue that Plaintiff's breach of contract claim fails, as a matter of law, because any agreement between Plaintiff and Defendants lacks consideration, which is a necessary element of establishing a contract. (ECF No. 83 at 4-6.) Specifically, any agreement lacks consideration because "Defendants had a pre-existing legal duty to pay their employee in accordance with federal and state wage and hour laws[.]" (*Id.* at 5.) Plaintiff responds that the employment relationship gave rise to a unilateral contract—Defendants offered work and Plaintiff accepted by performing the offered work. (ECF No. 86 at 2.) Plaintiff contends that he can maintain a breach of contract claim because the wage and hour laws are merely incorporated into the terms of the contract. (ECF No. 86 at 2-3.) The Court agrees with Plaintiff.

"Parties are presumed to contract with reference to existing principles of law, and in the absence of clear contractual language the relationship is governed by the rules mandated by law." *Dean Witter Reynolds Inc. v. Variable Annuity Life Ins. Co.*, 373 F.3d 1100, 1106 (10th Cir. 2004) (applying Colorado law and its Uniform Commercial Code provisions); *see also Shaw v. Sargent Sch. Dist. No. RE-33-J ex rel. Bd. of Educ.*, 21 P.3d 446, 450 (Colo. App. 2001) ("The existing law at the time and place of the making of the contract . . . becomes a part of the contract."). Here, Plaintiff had no legal obligation to work for Defendants and Defendants owed

no legal obligation to employ Plaintiff. Defendants' offer of employment, along with Plaintiff's promise or performance of such employment, can be consideration that will support the formation of a contract. *DeJean v. United Airlines, Inc.*, 839 P.2d 1153, 1159 (Colo. 1992) (stating that an "offer of employment would have amounted to adequate consideration for a release of [a group of 570 pilot's] state law claims" where the pilots argued that airline had a pre-existing obligation to employ them based on pre-employment promises or Colorado statutory labor provisions). The FLSA and Colorado state law merely impose minimum rules on an employer-employee relationship once such a legal relationship is formed. In other words, the FLSA and Wage Order presume the existence of the very employer-employee contract that Plaintiff asserts—and those rules only apply after the employer-employee relationship is formed, whether by contract or otherwise. Moreover, the existence of a contract is ordinarily a question of fact for the jury. *Jaeco Pump Co. v. Inject-O-Meter Mfg. Co.*, 467 F.2d 317, 320 (10th Cir. 1972); *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882, 887 (Colo. 1986). Defendants present no evidence on the issue.[5] And the Court is not persuaded by the analysis or conclusions reached by the District of New Jersey in *Merlo v. Fed. Exp. Corp.*, No. 07-4311, 2010 WL 2326577, at *10-11 (D. N.J. June 7, 2010). Therefore, summary judgment as to this issue must be denied.

### D. Applicable Statute of Limitations to Wage Order Claims

Finally, Defendants argue that the two or three-year statute of limitations contained in Section 15 of the Wage Order applies to Plaintiff's meal and rest period claims brought under the private right of action provision in the Wage Order. (ECF No. 88 at 5-8.) Plaintiff responds that the Wage Order's private right of action section does not contain a specific statute of limitations;

---

[5] In essence, Defendants have moved for judgment on the pleadings, not partial summary judgment.

therefore, Colorado's general six-year statute of limitations, C.R.S. § 13-80-103.5(1)(a), should apply to any meal and rest break violations under the Wage Order. (ECF No. 86 at 3-7.)

"[I]t is the nature of the right sued upon and not the nature of the relief demanded which governs the applicability of a statute of limitations." *McDowell v. United States*, 870 P.2d 656, 661 (Colo. App. 1994). The Supreme Court of Colorado provides the following guidance to decide which one of two arguably applicable statutes of limitation should control: "(1) a later enacted statute should be applied over an earlier enacted statute; (2) the more specific of two applicable statutes should be applied; and (3) the longer of two applicable statutes should be applied." *Reg'l Transp. Dist. v. Voss*, 890 P.2d 663, 668 (Colo. 1995). However, the rule favoring application of the longer, rather than the shorter, of two applicable statutes of limitations is a rule of last resort. "When conflicting statutes are related to each other as general and specific provisions, however, the General Assembly has specified its own rule of preference or choice, which takes precedence and alleviates any need for resolution by a rule of last resort." *BP Am. Prod. Co. v. Patterson*, 185 P.3d 811, 814-15 (Colo. 2008).

Defendants rely on "Section 1103-1:15. Filing of Complaints" to support its argument that Plaintiff's meal and rest period claims are subject to a two or three-year statute of limitations. (ECF No. 83 at 9.) That Section states:

> Any person may register with the division, a written complaint that alleges a violation of the Minimum Wage Order within two (2) years of said violation(s), except that all actions brought for a willful violation shall be commenced within three (3) years after the cause of action accrues and not after that time.

7 Colo. Code Regs. § 1103-1:15. Section 15 became effective in 2018 and C.R.S. § 13-80-103.5(1)(a) became effective in 2013. Thus, Section 15 is the later-enacted statute, but that does not answer the question in this case. Section 15 is more specific than C.R.S. § 13-80-103.5(1)(a). Although, in this case, Section 15's specificity does not help Defendants.

15

The statute of limitations contained in Section 15 only applies to written complaints filed with the Colorado Department of Labor and Employment Division of Labor Standards and Statistics ("the division"). The first clause of Section 15 ("Any person may register with the division") modifies the remaining statutory language, which includes the 2-year and 3-year time limits for written complaints to the division. As a result, based on the plain language of Section 15, the two and three-year provisions in that section do not apply to civil actions brought under Section 18 for the recovery of wages.

By contrast, the statute of limitations for FLSA causes of action is contained in Title 29 of the United States Code and is titled, "§ 255. Statute of limitations[.]" 29 U.S.C. § 255. It states:

> **Any action** commenced on or after May 14, 1947, **to enforce any cause of action** for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, . . . if the cause of action accrues on or after May 14, 1947--may be commenced within two years after the cause of action accrued, . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]

*Id.* at § 255(a)(emphasis added). Thus, the FLSA's statute of limitations clearly applies to a plaintiff seeking to "enforce **any** cause of action" unlike the limited scenario of written complaints filed with the division contained in Colorado's Wage Order. Accordingly, the Court cannot say the two or three-year statute of limitations in Section 15 applies to private rights of actions brought under Section 18.

Indeed, Section 18 does not state or incorporate any limitations period for private rights of action. The Wage Order does not contain any other limitations provisions. The Court must, therefore, look to Colorado's general statutes of limitation for an answer. Plaintiff's wage period and meal period claims arise by statute—the Wage Order. Thus, these claims are neither based

16

in contract nor tort, making inapplicable the general limitations on actions found in Colo. Rev. Stat. § 13-80-101 (3 years for contract actions) and Colo. Rev. Stat. § 13-80-102 (2 years for tort actions). Neither of the parties nor the Court's research has identified a general limitations period more applicable to Plaintiff's claims than Colo. Rev. Stat. § 13-80-103.5(1)(a), which applies to a "liquidated debt" or an "unliquidated, determinable amount." *Portercare Adventist Health Sys. v. Lego*, 286 P.3d 525, 528 (Colo. 2012); *Interbank Investments, L.L.C. v. Vail Valley Consol. Water Dist.*, 12 P.3d 1224, 1230 (Colo. App. 2000) (applying Colo. Rev. Stat. § 13-80-103.5(1)(a)'s six-year statute of limitations where dispute was over amount of compensation owed). Because Section 13-80-103.5(1)(a) is most applicable to Plaintiff's claims under the Wage Order, and it is the longer of the potentially applicable periods of limitations, the Court relies on the "rule of last resort" and finds the longer statute of limitations should be applied to Plaintiff's claims brought pursuant to the Wage Order. *Patterson*, 185 P.3d 811, 814-15 (Colo. 2008). Therefore, Defendants' motion for partial summary judgment as to this issue is denied.

## IV. CONCLUSION

Based on the foregoing, the Court:

(1) **GRANTS IN PART** and **DENIES IN PART** *Defendants' [First] Motion for Partial Summary Judgment* (ECF No. 39); and

(2) **DENIES** *Defendants' Second Motion for Partial Summary Judgment* (ECF No. 83).

DATED this 21st day of September, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge